WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Sheri Slocum,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Carolyn W. Colvin, Acting Commissioner of Social Security Administration,<br><br>　　　　　　Defendant. | No. CV-13-01906-PHX-GMS<br><br>**ORDER** |

Pending before the Court is the appeal of Plaintiff Sheri Slocum, which challenges the Social Security Administration's decision to deny benefits. (Doc. 12.) For the reasons set forth below, the Court vacates that decision and remands for further consideration.

## BACKGROUND

Slocum applied for supplemental security income on January 11, 2010.[1] (R. at 158.) She alleged disability beginning February 25, 2009. (R. at 26.) Her claims were denied both initially and upon reconsideration. (*Id.*) She then appealed to an Administrative Law Judge ("ALJ"). (*Id.*) The ALJ conducted a hearing on the matter on February 17, 2012. (R. at 43–56.)

In evaluating whether Slocum was disabled, the ALJ undertook the five-step sequential evaluation for determining disability.[2] (R. 26–28.) At step one, the ALJ

---

[1] Slocum also alleges that she made a previous application on February 13, 2009, that was denied on June 18, 2009.

[2] The five-step sequential evaluation of disability is set out in 20 C.F.R. § 404.1520 (governing disability insurance benefits) and 20 C.F.R. § 416.920 (governing

1 determined that Slocum had not engaged in substantial gainful activity since February 25, 2009, the alleged onset date. (R. at 28.) At step two, the ALJ determined that Slocum suffered from the severe impairments of chronic back and neck pain, degenerative joint disease, fibromyalgia, lupus, history of valley fever, headaches, chronic obstructive pulmonary disease, and nicotine abuse. (R. at 28–29.) At step three, the ALJ determined that none of these impairments met or equaled any of the Social Security Administration's listed impairments. (R. at 29–30.)

At that point, the ALJ made a determination of Slocum's residual functional capacity ("RFC"),[3] concluding that she could perform sedentary work with certain restrictions. (R. at 30.) The ALJ thus determined at step four that Slocum retained the RFC to perform her past relevant work as an administrative assistant. (R. at 35.) The ALJ did not reach step five. Thus, the ALJ concluded that Slocum had not been under a disability from the date of her alleged onset. (*Id.*)

---

supplemental security income). Under the test:

> A claimant must be found disabled if she proves: (1) that she is not presently engaged in a substantial gainful activity[,] (2) that her disability is severe, and (3) that her impairment meets or equals one of the specific impairments described in the regulations. If the impairment does not meet or equal one of the specific impairments described in the regulations, the claimant can still establish a prima facie case of disability by proving at step four that in addition to the first two requirements, she is not able to perform any work that she has done in the past. Once the claimant establishes a prima facie case, the burden of proof shifts to the agency at step five to demonstrate that the claimant can perform a significant number of other jobs in the national economy. This step-five determination is made on the basis of four factors: the claimant's residual functional capacity, age, work experience and education.

*Hoopai v. Astrue*, 499 F.3d 1071, 1074–75 (9th Cir. 2007) (internal citations and quotations omitted).

[3] RFC is the most a claimant can do despite the limitations caused by his impairments. *See* S.S.R. 96-8p (July 2, 1996).

The Appeals Council declined to review the decision. (R. at 1–6.) Slocum now appeals the ALJ's determination.

## DISCUSSION

### I. STANDARD OF REVIEW

A reviewing federal court will only address the issues raised by the claimant in the appeal from the ALJ's decision. *See Lewis v. Apfel*, 236 F.3d 503, 517 n.13 (9th Cir. 2001). A federal court may set aside a denial of disability benefits only if that denial is either unsupported by substantial evidence or based on legal error. *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002). Substantial evidence is "more than a scintilla but less than a preponderance." *Id.* (quotation omitted). "Substantial evidence is relevant evidence which, considering the record as a whole, a reasonable person might accept as adequate to support a conclusion." *Id.* (quotation omitted).

However, the ALJ is responsible for resolving conflicts in testimony, determining credibility, and resolving ambiguities. *See Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). "When the evidence before the ALJ is subject to more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1198 (9th Cir. 2004). This is so because "[t]he [ALJ] and not the reviewing court must resolve conflicts in evidence, and if the evidence can support either outcome, the court may not substitute its judgment for that of the ALJ." *Matney v. Sullivan*, 981 F.2d 1016, 1019 (9th Cir. 1992) (citations omitted).

### II. ANALYSIS

#### A. The Administrative Record

The Court will make its determination based on the parties' briefs and the official administrative record. Slocum filed many of her medical records as exhibits or attachments to her Complaint in this matter. (Docs. 1, 1-1, 1-2, 1-3, 1-4.) The government in its Answer argued that this Court may not "consider or review extra-record evidence." (Doc. 10 ¶ 3.) The government then filed the complete administrative record. (Docs. 11 to 11-23.) Slocum acknowledged that the administrative record contained everything she

wanted the Court to consider except for an RFC Questionnaire completed by Dr. Jason Taylor. (Doc. 12 at 6.) She argues that Dr. Taylor's other records were considered by the ALJ and states that she does not know why this one was not in the record because she thought her lawyer submitted it. (*Id.*)

In the Ninth Circuit, "when claimants are represented by counsel, they must raise all issues and evidence at their administrative hearings in order to preserve them on appeal. . . . We will only excuse a failure to comply with this rule when necessary to avoid a manifest injustice . . . ." *Meanel v. Apfel*, 172 F.3d 1111, 1115 (9th Cir. 1999). Here, Slocum was represented by counsel at the administrative hearing and did not preserve the issue of Dr. Taylor's RFP Questionnaire for this appeal. She has not argued the manifest injustice exception and the Court finds no reason that it would be applicable in this case. The Court further notes that it would have been impossible for Slocum's attorney to submit the RFP Questionnaire for the ALJ to consider because it was not created until April 12, 2012. (Doc. 1 at Ex. L1.) That was after the ALJ issued his rejection of her claim on March 26, 2012. (R. at 36.) For all of these reasons, the RFP Questionnaire will not be considered.

### B.   Issues on Appeal

Slocum argues that the ALJ erred by: (A) failing to properly and fully develop the case, (B) failing to follow the treating physician's rule, (C) failing to support the RFC determination, (D) failing to apply appropriate legal standards in evaluating credibility, (E) failing "to address the medical record as a whole" and offering his own opinion, and (F) improperly rejecting lay witness testimony.

The Court finds that the ALJ's decision to give little weight to the medical source statement of treating physician Dr. Soloman was not based on substantial evidence or clear and convincing reasons. The regulations impose a hierarchy for medical opinions offered by licensed physicians. The opinion of an examining and treating physician is given more weight than non-treating and non-examining medical sources. *See* 20 C.F.R. § 404.1527; *Orn v. Astrue*, 495 F.3d 625, 631 (9th Cir. 2007); *Lester v. Chater*, 81 F.3d

821, 830 (9th Cir. 1995). When the treating doctor's opinion is uncontradicted, the ALJ can reject those conclusions only for "'clear and convincing' reasons." *Lester*, 81 F.3d at 830 (quoting *Baxter v. Sullivan*, 923 F.2d 1391, 1396 (9th Cir. 1991)). Medical opinions are also given more weight when they come from a specialist and are given higher or lower weight based on the length, nature, and extent of the treatment relationship. *See* 20 C.F.R. § 404.1527.

Slocum submitted an RFC assessment from Dr. Soloman. It is a check-box form that was completed a week before the hearing and is the most restrictive assessment in the record. The ALJ found that the assessment had "no accompanying documentation or records, and there was no further explanation or details given." (R. at 35.) Slocum argues that the ALJ's reasoning was in error because there are records of her treatment with Dr. Soloman in the record. These records are twenty-one pages at 17F and twenty-three pages at 32F. They cover lab results and seven appointments from May 2010 to February 2012. In another part of the opinion, the ALJ cited to these records in a list with other citations. (R. at 32.) But, the ALJ makes no mention of them in the section of the opinion where he finds that Dr. Soloman's RFC assessment should receive little weight. The ALJ mistakenly states that the assessment lacks clinical and laboratory records or any support in the record. In fact, the record contains treatment and lab reports from Dr. Soloman. He is a specialist who had been examining and treating Slocum for almost two years. This Court finds that the ALJ's decision did not provide clear and convincing evidence or was not based on substantial evidence from the record because it does not address whether Dr. Soloman's assessment in the RFC is supported by his clinical and laboratory records.

The Court does not necessarily find that on remand the ALJ is required to give Dr. Soloman's assessment great weight, only that the reasons given for discounting it here were incorrect and therefore not substantial evidence or clear and convincing reasons. The Court notes that most of the treatment records indicated fatigue and other ailments rather than the pain that was noted in the RFC assessment. (*See* 17F, 32F.) In fact it was only in records from the final visit to Dr. Soloman, that he included notes that Slocum

was or claimed to be in constant pain 100% of the time. (R. at 1417.) It was in the notes from that same final visit that Dr. Soloman mentions lupus for the first time. (R. at 1419.) In determining how much weight to give Dr. Soloman's assessment, this may be considered along with all of the other evidence from the record including the cooperative disability investigation into malingering.

In addition to failing to consider these treatment records from Dr. Soloman, the ALJ also improperly found that Slocum's fibromyalgia was not completely supported because physical examinations did not reveal any positive trigger points which are usually associated with fibromyalgia. (R. at 32.) In fact, there are multiple places in the record where trigger point are noted by various providers. (*See, e.g.*, R. at 408, 423, 1050.) Slocum also noted that the ALJ discussed an MRI but cited to an X-ray, or misunderstood whether the medical record indicating a cyst referred to a cyst in the lungs or one elsewhere in the body. While these last two are not as meaningful as the other errors, the ALJ should correct them and develop the record fully and accurately.

Based on these corrections to the factual basis for the finding, the ALJ will need to redetermine at least the credibility and weight given to the testimony of Slocum and the assessment by Dr. Soloman. Slocom correctly notes on appeal that she was seen by a number of different specialists and their treatments and records should also be considered in determining the amount of weight to give this evidence. She also raises a variety of health problems including memory lapses that the ALJ either did not address, or addressed but considered not to be severe impairments. The existence and effect of all such conditions should be considered as part of the determination of the RFC even if they are not found to be severe impairments under step two. *See* 20 C.F.R. § 404.1545(e) ("we will consider the limiting effects of all your impairment(s), even those that are not severe, in determining your residual functional capacity").

Again, the Court does not dictate any outcome at the subsequent determination, only that the decision here was not based on substantial evidence because it relied on factually incorrect determinations from the record.

### C. Credit as True

Slocum asks for this case to be remanded for a determination of benefits. The Ninth Circuit allows district courts to do so in certain circumstances:

> Specifically, we have devised a three-part credit-as-true standard, each part of which must be satisfied in order for a court to remand to an ALJ with instructions to calculate and award benefits: (1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

*Garrison v. Colvin*, 12-15103, 2014 WL 3397218 *21 (9th Cir. July 14, 2014). There is "flexibility" which allows "courts to remand for further proceedings when, even though all conditions of the credit-as-true rule are satisfied, an evaluation of the record as a whole creates serious doubt that a claimant is, in fact, disabled." *Id.*

Here, the second element is met because this Court has determined that the ALJ's reasons for rejecting Dr. Soloman's assessment were legally insufficient. However, even if the Court were to remand and direct the ALJ to credit that assessment as true, the first and third elements are not met. The record is not fully developed because there was no vocational testimony or other evidence given about whether Slocum would have been able to perform past work or other work based on the limitations suggested by Dr. Soloman's assessment. Dr. Soloman's mention of lupus, along with the rest of the record, also needs to be considered to determine whether Slocum might meet Listing 14.02. If she does that would require a finding of disability at step three without considering RFC or vocational testimony. For those reasons, it is not clear that the ALJ would be required to find Slocum disabled on remand. Further, the record contains assessments conducted by other medical professionals that may mitigate against any finding that the claimant meets listing 14.02. The ALJ needs to balance against Dr. Soloman's opinion any such evidence and reach a determination as to whether the listing is met, or the claimant is otherwise qualified, supported by specific reasoning from the record.

Accordingly, the credit-as-true rule is not applicable to the facts here. This matter is remanded for a redetermination that corrects the factual errors noted in this Order.

**IT IS HEREBY ORDERED** that the ALJ's decision is **VACATED.**

**IT IS FURTHER ORDERED** that the Clerk of the Court is directed to **REMAND** this action for further determinations consistent with this order.

Dated this 20th day of August, 2014.

_____
G. Murray Snow
United States District Judge